SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
PAUL A. GRAMMATICO (State Bar No. 246380)
pag@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612-6578
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

DONALD J. QUERIO (State Bar No. 54367)
djh@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| RANDALL FERGUSON,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 2:11-CV-02043 PA<br>Hon. Percy Anderson<br>Hon. Stephen Hillman, Chief Magistrate Judge<br>Ctrm. 15 - Spring Street<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRDUCTION OF DOCUMENTS; REQUEST FOR SANCTIONS**<br><br>Date: December 19, 2011<br>Time: 2:00 p.m.<br>Crtrm.: 550<br><br>Complaint Filed: March 9, 2011<br>Discovery Cut-Off: November 28, 2011<br>Motion Cut-Off: December 19, 2011<br>Pretrial Conf.: January 6, 2012<br>TRIAL DATE: February 7, 2012 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .... 2

A. Plaintiff's May 13, 2010 Lawsuit Against TransUnion .... 3

B. Plaintiff's Rule 26 Initial Disclosure and Responses to Request for Production .... 4

C. Plaintiff Did Not Disclose the May 13, 2010 TransUnion Action Until November 18, 2011 .... 5

D. Wells Fargo's Meet and Confer Prior to Filing of Motion .... 5

II. LAW AND AUTHORITIES .... 6

A. Documents Relating to the Pennsylvania *TransUnion* Action Must be Produced .... 6

1. Documents relating to the settlement between Plaintiff and TransUnion, including the settlement and release agreement, are relevant .... 6

2. Plaintiff's Objections Have No Merit .... 6

a. Request for Production No. 1 .... 6

b. Request for Production No. 2 .... 8

c. Request for Production No. 5 .... 9

III. CONCLUSION .... 9

## NOTICE OF MOTION TO COMPEL COMPLIANCE

TO THE HONORABLE STEPHEN J. HILLMAN, CHIEF MAGISTRATE JUDGE, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 19, 2011, at 2:00 p.m., defendant Wells Fargo Bank, N.A. will appear in Courtroom 550 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012-4711, and apply to the Court to issue an Order compelling Plaintiff Randall Ferguson to produce further responses to Wells Fargo Bank, N.A. Requests for Production of Documents, including documents relating to his action against TransUnion, LLC in the U.S. District Court of the Eastern District of Pennsylvania and his settlement with TransUnion.

This application is made on grounds that Plaintiff has failed to comply with his discovery obligations under Fed. R. Civ. P. 34 by not producing documents relating to his action against TransUnion. The application is based on this Notice, the Declaration of Michael C. Foley, the Memorandum of Points and Authorities in support, the Request for Judicial Notice, and upon all documents properly on file before this Court.

Counsel for Wells Fargo has met and conferred with plaintiff's counsel prior to the filing of this Motion.

DATED: November 21, 2011

SEVERSON & WERSON
A Professional Corporation

By: /s/Michael C. Foley
SCOTT J. HYMAN
PAUL A. GRAMMATICO
MICHAEL C. FOLEY

Attorneys for Defendant
WELLS FARGO BANK, N.A.

Case No. 2:11-CV-02043 PA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

After improperly splitting this cause of action, plaintiff Randall Ferguson continues to play fast-and-loose with this Court and the disclosure rules of the Federal Rules of Civil Procedure. Specifically, Plaintiff and his *pro hac vice* counsel failed to disclose to Wells Fargo Bank, N.A. ("Wells Fargo"), in response to written discovery or in Plaintiff's Rule 26 disclosures, that he had previously sued TransUnion in the Eastern District of Pennsylvania for the *exact same damages* that Plaintiff is seeking in this case. Given that Plaintiff previously claimed his losses were caused exclusively by TransUnion, and that he already had been compensated for those losses, his failure to comply with discovery obligations should be no surprise.

Whether as part of a proper Rule 26 initial disclosure, or as a response to written discovery, there is no excuse for Plaintiff's failure to identify and produce all documents in the Pennsylvania *TransUnion* action and related arbitration. The complexion of this litigation, discovery plan, and mediation of this matter would have been significantly different had this information been properly disclosed in the beginning of the case, when it should have. By this motion, Wells Fargo seeks to compel a further response to its Request for Production No. 5 (seeking all correspondence between Plaintiff and any credit reporting agency), ordering plaintiff to produce all non-privileged documents and correspondence relating to Plaintiff's lawsuit against TransUnion (U.S.D.C. E.D. Pa. No. 2:10-cv-02211-TON) and related arbitration, including the settlement agreement and all correspondence relating to that settlement. Wells Fargo also requests the Court order sanctions against Plaintiff to reimburse the reasonable amount of attorney fees incurred by Wells Fargo in having to bring this motion.

A.  **Plaintiff's May 13, 2010 Lawsuit Against TransUnion**

On May 13, 2010, Plaintiff filed a lawsuit against TransUnion, entitled *Ferguson v. TransUnion*, (U.S.D.C. E.D. Pa. No. 2:10-cv-02211-TON), alleging:

> [TransUnion] has a systemic problem with inaccurate bankruptcy remarks. It knows that bankruptcy remarks on individual or joint accounts should not report when the consumer has no public record of a bankruptcy listing on his or her report. Defendant knows how to avoid the inaccurate bankruptcy remarks from listing on a consumer's report through a simple and inexpensive cross-referencing procedure. Yet Defendant repeatedly fails to avoid the reporting of inaccurate bankruptcy remarks, and failed to follow any procedure that would avoid an inaccurate bankruptcy remark from appearing on Plaintiff's credit report in this case.

(Req. for Jud. Not., Ex. A, Ferguson v. TransUnion, LLC Complaint, Para. 9)

Plaintiff further alleged in that case that:

> As a result of [TransUnion's] conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities for a GE Money Bank / Lowe's store card in July 2009. GE Money Bank / Lowe's specifically turned down Plaintiff's application for credit because Trans Union reported a "bankruptcy" on Plaintiff's credit report. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of mental pain and anguish, stress, humiliation, embarrassment, anxiety and nervousness, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

(*Id.*, Para. 18-19).

Despite suing, and settling with, TransUnion in the Pennsylvania action, Plaintiff is seeking the same damages from Wells Fargo in his lawsuit here in California:

> As a result of [Wells Fargo's] inaccurate, derogatory reporting, Plaintiff was denied for credit by GEMB Lowes. See documents produced with Plaintiff's Initial Disclosures.

> Further, as a result of [Wells Fargo's] inaccurate, derogatory credit reporting, Plaintiff has had his otherwise excellent credit reputation tarnished and suffered anxiety, frustration and other related emotional distress.

(Foley Decl., ¶4; Ex. D, Plaintiff's Resp. to Interrog. No. 10).

Plaintiff never disclosed in his Rule 26 Disclosures or in response to Wells Fargo's written discovery that he had sued TransUnion, that he was seeking the same damages from TransUnion that he seeks here, that he attributed those same damages in that lawsuit to TransUnion, or that he settled with TransUnion pursuant to a 'confidential' settlement communication he now refuses to disclose two months before he sued Wells Fargo. Furthermore, Plaintiff did not produce any privilege log suggesting a 'confidential' communication that he was withholding, and waived any such privilege.[1]

### B. Plaintiff's Rule 26 Initial Disclosure and Responses to Request for Production

On October 5, 2011, Wells Fargo propounded an initial set of Rule 34 requests for production of documents on plaintiff, including the following requests:

> *Request No. 1*: All DOCUMENTS reflecting any dispute YOU made to any entity regarding information WELLS FARGO furnished to credit reporting agencies.
>
> *Request No. 2:* All DOCUMENTS reflecting any correspondence between YOU and any credit reporting agency over the past five years.
>
> *Request No. 5:* All DOCUMENTS received by YOU from credit reporting agencies over the past five years.

(Ex. B, Wells Fargo's Request for Production of Documents).

---

[1] Similarly, in a companion motion to this one, Wells Fargo seeks compliance from TransUnion of a judicially ordered subpoena. TransUnion similarly has not disclosed in any privilege log the existence of the other *Ferguson* case or any settlement, and waives any privilege related thereto.

Plaintiff's responses were served on November 10, 2011. Plaintiff did not produce any documents responsive to these requests, instead referring to "documents produced with Plaintiff's Initial Disclosures, Bates-stamped FERGUSON-1 trough FERGUSON-31, as well as FERGUSON-34 and 35." The documents referenced did not include anything relating to, or identifying, the prior lawsuit against TransUnion.[2] ("Ex. C, Plaintiff's Resp. to Request for Production").

### C. Plaintiff Did Not Disclose the May 13, 2010 TransUnion Action Until November 18, 2011

Despite Plaintiff's earlier Rule 26 Disclosure and responses to written discovery, Wells Fargo did not learn of the Pennsylvania *TransUnion* action until November 18, 2011, when Plaintiff could no longer conceal the action and revealed it during his deposition.

Plaintiff, a Texas resident, and his *pro hac vice* counsel from Philadelphia apparently chose this Court as the venue geographically farthest away from the United States District Court in Philadelphia in the hope that Wells Fargo would never uncover the judicial admissions he made in that lawsuit that this case and his damages were caused by TransUnion and that he already had been compensated for his losses.[3]

### D. Wells Fargo's Meet and Confer Prior to Filing of Motion

On November 18, 2011, Wells Fargo's counsel attempted to meet and confer with Plaintiff's counsel regarding Plaintiff's discovery responses. Specifically, Wells Fargo requested that Plaintiff produce "the settlement agreement and all documents,

---

[2] While Plaintiff may claim Fed. R. Civ. P. 26(a)(1)(A)(ii) only requires disclosure of documents that he may use to support his claims, he may not hide behind his initial disclosures when responding to a Rule 34 Request for Production.

[3] See, e.g. *Grolsche Bierbrouwerij Nederland, B.V. v. Dovebid, Inc.*, 2011 WL 3359913 (N.D.Cal. 2011) ("The Ninth Circuit has not addressed whether a district court may treat statements made in a foreign proceeding as judicial admissions. Plaintiff does not argue that statements within the Dutch complaints were in error; rather it argues that they are consistent with the allegations in the FAC. Because of this, and because of the relatedness of the two actions, the Court finds it appropriate to treat statements made by Plaintiff in its Amended Dutch Complaint as judicial admissions")

including correspondence, discovery, and pleadings from the prior TransUnion lawsuit."

Plaintiff's counsel declined to provide further responses, claiming "The settlement agreement is confidential. I also disagree with your interpretation of what is (sic) called for by this request." (Ex. E, November 18, 2011 correspondence.)

## II.
## LAW AND AUTHORITIES

### A. Documents Relating to the Pennsylvania *TransUnion* Action Must be Produced

#### 1. Documents relating to the settlement between Plaintiff and TransUnion, including the settlement and release agreement, are relevant.

Defendants have the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, the court may permit discovery of information "relevant to the subject matter involved in the action" upon a showing of good cause. Fed. R. Civ. P. 26(b)(1).

Document Request Nos. 1, 2, and 5 clearly seek information relevant to Plaintiff's claims and Wells Fargo's defenses, including non-privileged documents relating to the Pennsylvania *TransUnion* action. Plaintiff's claims and allegations against TransUnion, issues raised in the related arbitration, and resulting settlement are certainly related to the issues and damages in this litigation. Wells Fargo is entitled to know how much Plaintiff received in settlement from TransUnion, as that would serve to reduce Plaintiff's claims against Wells Fargo by the amount paid. Wells Fargo is also entitled to receive a copy of the settlement and release agreement, as the release may be broad enough to release Wells Fargo in this action.

#### 2. Plaintiff's Objections Have No Merit.

##### a. Request for Production No. 1

This request asks for "All DOCUMENTS reflecting any dispute YOU made to any entity regarding information WELLS FARGO furnished to credit reporting

agencies." Plaintiff objected that the request was overly broad, harassing and not reasonably calculated to lead to the discovery of admissible evidence. He also objected that the information was protected by the attorney-client privilege and work product doctrine. Subject to these objections, plaintiff referred Wells Fargo to the documents he produced with Plaintiff's Initial Disclosures.

*Overbroad and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence:* This request is narrowly tailored to the subject matter of the complaint. Plaintiff's lawsuit with TransUnion is clearly relevant to the issues and damages in this matter. It is not at all unreasonable to ask Plaintiff, and his attorneys, to locate and produce documents relating to the Pennsylvania *TransUnion* matter. Having litigated this matter, such information presumably is in possession of Plaintiff's counsel, and can easily be copied for Wells Fargo's review.

*Attorney-client privilege.* The attorney-client privilege protects confidential communications between a client and an attorney from disclosure. *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F.2d 127, 129. "What is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining legal advice from the lawyer." *Von Bulow v. Von Bulow*, 811 F.2d 136, 146 (2nd Cir. 1987) (emphasis in original).[4]

"The burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *Von Bulow v. Von Bulow*, 811 F.2d at 144. Thus, in order to defeat this motion, plaintiff must establish that the documents sought are protected by the attorney-client privilege.[5]

---

[4] In federal question cases such as this one, privileges are determined under federal common law. Fed. R. Evid. 501; *United States v. Zolin* (1989) 491 US 554, 562.

[5] Parties withholding documents under a claim of privilege should identify and describe the documents in sufficient detail to "enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). As explained below, plaintiffs have failed to provide a privilege log, despite defendants' request, so defendants have been prejudiced in their ability to brief this issue.

1  The majority of documents responsive to Request No. 1 are not subject to any
2  attorney-client privilege. Plaintiff has clearly split his cause of action and is seeking a
3  double-recovery. While Wells Fargo acknowledges Plaintiff and his counsel may
4  possess some privileged documents, claiming the entire Pennsylvania *TransUnion*
5  action is subject to the attorney-client privilege is beyond comprehension.

*Work product.* The "work product" doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. Fed. R. Civ. P. 26(b)(3); see *Hickman v. Taylor* (1947) 329 US 495, 511. Unlike privileged information, most work product receives only qualified protection from discovery.

Wells Fargo specifically does not seek to compel production of attorney notes or other documents giving counsel's impressions or analysis of the TransUnion matter, such as why Plaintiff impermissibly split his cause of action. Rather, defendants just seek the non-privileged documents relating to the Pennsylvania *TransUnion* action, including the settlement agreement and communications leading up to the settlement. The work product objection should be overruled.

### b.  Request for Production No. 2

This request asks for "All DOCUMENTS reflecting any correspondence between YOU and any credit reporting agency over the past five years." Plaintiff objected that the request was overly broad, harassing and not reasonably calculated to lead to the discovery of admissible evidence. He also objected that the information was protected by the attorney-client privilege and work product doctrine. Subject to these objections, plaintiff referred Wells Fargo to the documents he produced with Plaintiff's Initial Disclosures.

As stated above, these objections are insufficient to prevent disclosure of the Pennsylvania *TransUnion* action. Communications between counsel, particularly those leading up to and relating to TransUnion's settlement, clearly do not qualify as

an attorney-client communication. Such communications also relate to the allegations made against Wells Fargo and the damages being sought.

### c.     Request for Production No. 5

This request asks for "All DOCUMENTS received by YOU from credit reporting agencies over the past five years." Plaintiff objected that the request was overly broad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

As stated above, information relating to the Pennsylvania *TransUnion* action is clearly relevant to this action. There is no justification for Plaintiff to refuse to produce any documents relating to his lawsuit against TransUnion, the related arbitration, or the settlement reached with TransUnion.

## III.

## CONCLUSION

For the reasons set forth above, defendants request that the Court enter an order compelling plaintiffs to produce non-privileged documents responsive to Wells Fargo's Request Nos. 1, 2 and 5 without further delay or objection. In addition, Wells Fargo requests that the Court award sanctions against Plaintiff for the amount of attorney fees incurred in bringing this motion.

DATED: November 21, 2011

SEVERSON & WERSON
A Professional Corporation

By: */s/Michael C. Foley*
SCOTT J. HYMAN
PAUL A. GRAMMATICO
MICHAEL C. FOLEY

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612-6578.

On the date below I served the within document(s) described as **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRDUCTION OF DOCUMENTS; REQUEST FOR SANCTIONS** on the interested parties in this action:

☑ by placing ☑ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) ☐ addressed as follows: ☐ address as stated on the attached mailing list.

| | |
|---|---|
| William J. Wall, Esq.<br>THE WALL LAW OFFICE<br>9900 Research Drive<br>Irvine CA 92618 | Counsel for Plaintiff<br>RANDALL FERGUSON |
| Geoffrey H. Baskerville<br>FRANCIS & MAILMAN PC<br>Land Title Building<br>100 South Broad Street 19th Floor<br>Philadelphia, PA 19110 | Counsel for Plaintiff<br>RANDALL FERGUSON |

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☑ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2011, at Irvine, California.

_____
Lorraine Johnson

07685/0940/994128.1

-10-   Motion to Compel Further Responses Case No. 2:11-CV-02043 PA