1  William J. Wall (SBN 203970)
   wwall@wall-law.com
2  THE WALL LAW OFFICE
   9900 Research Drive
3  Irvine, CA  92618
   Telephone:  (949) 387-4300
4  Facsimile:  (800) 722-8196

5  Geoffrey H. Baskerville (*pro hac vice*)
   gbaskerville@consumerlawfirm.com
6  FRANCIS & MAILMAN, P.C.
   Land Title Building, 19th Floor
7  100 South Broad Street
   Philadelphia, PA 19110
8  Telephone:  (215) 735-8600
   Facsimile:  (215) 940-8000

9
   Attorneys for Plaintiff
10 RANDALL FERGUSON

11

12

13 Attorneys for Defendant
   WELLS FARGO BANK, N.A.

14

Scott J. Hyman (SBN 148709)
sjh@severson.com
Paul A. Grammatico (SBN 246380)
pag@severson.com
SEVERSON & WERSON, P.C.
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA  92612-6578
Telephone:  (949) 442-7110
Facsimile:  (949) 442-7118

Donald J. Querio (SBN 54367)
djq@severson.com
Mark D. Lonergan (SBN 143622)
mdl@severson.com
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| RANDALL FERGUSON,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 2:11-CV-02043 PA (SHx)<br>Hon. Percy Anderson<br>Ctrm. 15 - Spring Street<br><br>**[PROPOSED] JOINT JURY INSTRUCTIONS**<br><br>Complaint Filed:     March 9, 2011<br>Discovery Cut-Off:   November 28, 2011<br>Motion Cut-Off:      December 19, 2011<br>Pretrial Conf.:      January 6, 2012<br>TRIAL DATE:          February 7, 2012 |

**Joint Proposed Jury Instruction No. 1**

**Ninth Circuit Model Instruction 1.1A**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN**

**INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. [You will be allowed to keep this set throughout the trial to which to refer.] This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Joint Proposed Jury Instruction No. 2**

**Ninth Circuit Model Instruction 1.1C**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN**

**INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*Or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Joint Proposed Jury Instruction No. 3**

**Ninth Circuit Model Instruction 1.3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Joint Proposed Jury Instruction No. 4**

**Ninth Circuit Model Instruction 1.6**


**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

1    **Joint Proposed Jury Instruction No. 5**

2    **Ninth Circuit Model Instruction 1.7**

3

4    **WHAT IS NOT EVIDENCE**

5

6    In reaching your verdict, you may consider only the testimony and exhibits

7    received into evidence. Certain things are not evidence, and you may not consider

8    them in deciding what the facts are. I will list them for you:

9    (1) Arguments and statements by lawyers are not evidence. The lawyers are

10    not witnesses. What they have said in their opening statements, [will say in their]

11    closing arguments, and at other times is intended to help you interpret the evidence,

12    but it is not evidence. If the facts as you remember them differ from the way the

13    lawyers have stated them, your memory of them controls.

14    (2) Questions and objections by lawyers are not evidence. Attorneys have a

15    duty to their clients to object when they believe a question is improper under the

16    rules of evidence. You should not be influenced by the objection or by the court's

17    ruling on it.

18    (3) Testimony that has been excluded or stricken, or that you have been

19    instructed to disregard, is not evidence and must not be considered. In addition

20    sometimes testimony and exhibits are received only for a limited purpose; when I

21    [give] [have given] a limiting instruction, you must follow it.

22    (4) Anything you may have seen or heard when the court was not in session

23    is not evidence. You are to decide the case solely on the evidence received at the

24    trial.

25

26

27

28

**Joint Proposed Jury Instruction No. 6**

**Ninth Circuit Model Instruction 1.8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

**Joint Proposed Jury Instruction No. 7**

**Ninth Circuit Model Instruction 1.9**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Joint Proposed Jury Instruction No. 8**
**Ninth Circuit Model Instruction 1.10**


**RULING ON OBJECTIONS**


There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Joint Proposed Jury Instruction No. 9**

**Ninth Circuit Model Instruction 1.11**

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Joint Proposed Jury Instruction No. 10**

**Ninth Circuit Model Instruction 1.12**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Joint Proposed Jury Instruction No. 11**

**Ninth Circuit Model Instruction 1.13**


**NO TRANSCRIPT AVAILABLE TO JURY**


During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Joint Proposed Jury Instruction No. 12**

**Ninth Circuit Model Instruction 1.18**


**BENCH CONFERENCES AND RECESSES**


From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Jury Instruction No. 13**

**Ninth Circuit Model Instruction 2.2**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

**Joint Proposed Jury Instruction No. 14**

**Ninth Circuit Model Instruction 2.3**


**JUDICIAL NOTICE**


The court has decided to accept as proved the fact that the dictionary definition of the word "same" can mean "similar in kind, quality, quantity or degree." Source: American Heritage Dictionary (office edition), even though no evidence has been introduced on the subject. You must accept this fact as true.

**Joint Proposed Jury Instruction No. 15**

**Ninth Circuit Model Instruction 2.4**


**DEPOSITION IN LIEU OF LIVE TESTIMONY**


A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Joint Proposed Jury Instruction No. 16**

**Ninth Circuit Model Instruction 2.8**


**IMPEACHMENT EVIDENCE - WITNESS**


The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Joint Proposed Jury Instruction No. 17**

**Ninth Circuit Model Instruction 2.10**


**USE OF INTERROGATORIES OF A PARTY**


Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1   **Joint Proposed Jury Instruction No. 18**

2   **Ninth Circuit Model Instruction 2.11**

3

4   **EXPERT OPINION**

5

6       Some witnesses, because of education or experience, are permitted to state

7   opinions and the reasons for those opinions.

8       Opinion testimony should be judged just like any other testimony. You may

9   accept it or reject it, and give it as much weight as you think it deserves,

10  considering the witness's education and experience, the reasons given for the

11  opinion, and all the other evidence in the case.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Jury Instruction No. 19**

**CACI 219**


**EXPERT WITNESS TESTIMONY**


During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    a.     The expert's training and experience;

    b.     The facts the expert relied on; and

    c.     The reasons for the expert's opinion.

**Joint Proposed Jury Instruction No. 20**

**CACI 220**

**EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**Joint Proposed Jury Instruction No. 21**

**CACI 221**


**CONFLICTING EXPERT TESTIMONY**


    If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

1
2

**Joint Proposed Jury Instruction No. 22**

**Ninth Circuit Model Instruction 3.1**

3

4

**DUTY TO DELIBERATE**

5

6      When you begin your deliberations, you should elect one member of the jury

7   as your presiding juror. That person will preside over the deliberations and speak

8   for you here in court.

9      You will then discuss the case with your fellow jurors to reach agreement if

10  you can do so. Your verdict must be unanimous.

11      Each of you must decide the case for yourself, but you should do so only

12  after you have considered all of the evidence, discussed it fully with the other

13  jurors, and listened to the views of your fellow jurors.

14      Do not hesitate to change your opinion if the discussion persuades you that

15  you should. Do not come to a decision simply because other jurors think it is right.

16      It is important that you attempt to reach a unanimous verdict but, of course,

17  only if each of you can do so after having made your own conscientious decision.

18  Do not change an honest belief about the weight and effect of the evidence simply

19  to reach a verdict.

20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 23**

**Ninth Circuit Model Instruction 3.2**

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Joint Proposed Jury Instruction No. 24**

**Ninth Circuit Model Instruction 3.3**


**RETURN OF VERDICT**


Several verdict forms have been prepared for you. You must follow the directions provided on each form.  In some instances you may not have to answer each question on the forms.  After you have reached unanimous agreement on each question on the verdict form, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 25**

**Ninth Circuit Model Instruction 3.4**


**ADDITIONAL INSTRUCTIONS OF LAW**


At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

You will now retire to the jury room and continue your deliberations.

**Joint Proposed Jury Instruction No. 26**

**Ninth Circuit Model Instruction 4.1**

**[ALL PARTIES]—FAIR TREATMENT**

All parties are equal before the law and a [corporation] [partnership] [as well as an individual or consumer] is entitled to the same fair and conscientious consideration by you as any party.

1  DATED: December 23, 2011    FRANCIS & MAILMAN, P.C.

2                                              A Professional Corporation

3

4                                              By: /s/ Geoffrey Baskerville

5                                                  JOHN SOUMILAS*
                                                   GEOFFREY BASKERVILLE

6                                              Attorneys for Plaintiff
                                               RANDALL FERGUSON

7

8  DATED: December 23, 2011          SEVERSON & WERSON

9                                              A Professional Corporation

10

11                                             By: /s/ Scott J. Hyman

                                                   SCOTT J. HYMAN

12                                                 PAUL A. GRAMMATICO

13                                             Attorneys for Defendant
                                               WELLS FARGO BANK, N.A

14  *Pro hac Vice application pending.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612-6578.

On the date below I served the within document(s) described as:
**[PROPOSED] JOINT JURY INSTRUCTIONS** on the interested parties in this action:

William J. Wall, Esq.
THE WALL LAW OFFICE
9900 Research Drive
Irvine CA 92618-4309

Counsel for Plaintiff
RANDALL FERGUSON

Telephone:  949.387.4300
Fax:          800.722.8196
*wwall@wall-law.com*

Geoffrey H. Baskerville
FRANCIS & MAILMAN PC
Land Title Building
100 South Broad Street 19th Floor
Philadelphia, PA 19110-1023

Counsel for Plaintiff
RANDALL FERGUSON

Telephone:  215.735.8600
Fax:          215.940.8000
*gbaskerville@consumerlawfirm.com*

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2011, at Irvine, California.

Josie Heasley