1  William J. Wall (SBN 203970)
   wwall@wall-law.com
   THE WALL LAW OFFICE
2  9900 Research Drive
   Irvine, CA 92618
3  Telephone: (949) 387-4300
   Facsimile: (800) 722-8196
4
5  Geoffrey H. Baskerville (*pro hac vice*)
   gbaskerville@consumerlawfirm.com
   FRANCIS & MAILMAN, P.C.
6  Land Title Building, 19th Floor
   100 South Broad Street
7  Philadelphia, PA 19110
   Telephone: (215) 735-8600
8  Facsimile: (215) 940-8000

9  Attorneys for Plaintiff
   RANDALL FERGUSON
10

   Scott J. Hyman (SBN 148709)
   sjh@severson.com
   Paul A. Grammatico (SBN 246380)
   pag@severson.com
   SEVERSON & WERSON, P.C.
   The Atrium
   19100 Von Karman Ave., Suite 700
   Irvine, CA 92612-6578
   Telephone: (949) 442-7110
   Facsimile: (949) 442-7118

   Donald J. Querio (SBN 54367)
   djq@severson.com
   Mark D. Lonergan (SBN 143622)
   mdl@severson.com
   SEVERSON & WERSON, P.C.
   One Embarcadero Center, Suite 2600
   San Francisco, CA 94111-3715
   Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

11
12 Attorneys for Defendant
   WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL FERGUSON, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No.: 2:11-cv-02043-PA-SH <br><br> **PRE-TRIAL EXHIBIT STIPULATION** |

### Pre-Trial Exhibit Stipulation

Plaintiff's Exhibits

| Number | Description | Objection | Response to Objection |
|---|---|---|---|
| 2 | 2009 Credit Resource Reporting Guide | None. | |
| 3 | WF Policies and | None. | |

| | | | |
|---|---|---|---|
| | | Procedures | | |
| 4 | 8/11/09 WF ACDV | None. | |
| 5 | 8/20/09 WF ACDV | None. | |
| 7 | 8/20/09 AUD form | None. | |
| 8 | 7/29/09 GEMB letter | <u>Lack of Foundation</u>. FRE 602; <u>Hearsay</u>. FRE 801(c), 802. | Plaintiff has the foundation to testify about the letter that he received. The letter is notice required by law and a business record, and thus not hearsay. The letter is also offered not for its truth, since Plaintiff did not in fact have a bankruptcy, but rather to explain how he learned about the bankruptcy problem, why he began disputing and why he was chilled from pursuing other credit opportunities. |
| 9 | 8/3/09 TU report | <u>Lack of Foundation</u>. FRE 602. <u>Hearsay</u>. FRE 801(c), 802. *See Cruz v. MRC* | Plaintiff and his expert have the foundation to testify about Plaintiff's own credit |

| | | | |
|---|---|---|---|
| 1 | | | *Receivables Corp.* 563 F.Supp.2d 1092, 1095-6 (N.D.Cal. 2008); *1096 Capital Funding, VI, Inc. v. Chase Manhattan Bank*, 2005 WL 352697, at *2, (E.D.Pa. Feb. 11, 2005); *See also Unifund CCR Partners v. Villa*, (Tex. 2009) 299 S.W.3d 92, 97-98 ("there is no evidence "as to whom or what TransUnion was, how it operated, how it obtained information, its procedures for responding to requests for credit reports, how the report was generated, whether the report offered was complete or partial, or whether the same type of reports were furnished to all persons and entities | report, a business record. The report also has several relevant non-hearsay purposes, including the fact that the untruthful bankruptcy remark was on it, that Plaintiff saw it, causing him to dispute. No consumer has ever been precluded from testifying about his own credit report in an FCRA case to Plaintiff's knowledge. |

| | | | that made inquiry". | |
|---|---|---|---|---|
| 1 | 10 | 8/11/09 TU ACDV | Lack of Foundation. FRE 602. Hearsay. FRE 801(c), 802. | Defendant produced this document and its own fact witnesses and expert testified about it. The document is an admission of a party opponent and Defendant's witness and Plaintiff's own expert have the foundation to testify about it. |
| | 11 | 8/12/09 TU report | Lack of Foundation. FRE 602. Hearsay. FRE 801(c), 802. *See also* decisions cited regarding Exhibit 9. | Plaintiff and his expert have the foundation to testify about his own credit report, a business record. The report also has several relevant non-hearsay purposes, including the fact that the untruthful bankruptcy remark was on it, that Plaintiff saw it, causing him to dispute. No consumer |

| | | | |
|---|---|---|---|
| | | | has ever been precluded from testifying about his own credit report in an FCRA case to Plaintiff's knowledge. |
| 12 | 8/20/09 TU ACDV | Lack of Foundation. FRE 602. Hearsay. FRE 801(c), 802. | Defendant produced this document and its own fact witnesses and expert testified about it. The document is an admission of a party opponent and Defendant's witness and Plaintiff's own expert have the foundation to testify about it. |
| 13 | 8/21/09 TU report | Lack of Foundation. FRE 602. Hearsay. FRE 801(c), 802. *See also* decisions cited regarding Exhibit 9. | Plaintiff and his expert have the foundation to testify about his own credit report, a business record. The report also has several relevant non-hearsay purposes, including the fact that the |

| | | | |
|---|---|---|---|
| | | | untruthful bankruptcy remark was on it, that Plaintiff saw it, causing him to dispute. No consumer has ever been precluded from testifying about his own credit report in an FCRA case to Plaintiff's knowledge. |
| | 14 | 9/15/09 TU report | <u>Lack of Foundation</u>. FRE 602. <u>Hearsay</u>. FRE 801(c), 802. *See also* decisions cited regarding Exhibit 9. | Plaintiff and his expert have the foundation to testify about his own credit report, a business record. The report also has several relevant non-hearsay purposes, including the fact that the untruthful bankruptcy remark was on it, that Plaintiff saw it, causing him to dispute. No consumer has ever been precluded from testifying about his |

| | | | |
|---|---|---|---|
| | | | own credit report in an FCRA case to Plaintiff's knowledge. |
| 15 | Exhibit 1 to Hendricks' Report (CV) | <u>Lack of Foundation</u>. FRE 602. <u>Hearsay</u>. FRE 801(c), 802. | Plaintiff's expert has the foundation to testify about his own CV, which can be used to refresh his recollection, if necessary, and which is an exhibit to his report. Fed. R. Civ. P. 26(a)(2)(B)(iii). |
| 16 | Exhibit 2 to Hendricks' Report (Sample ACDV) | <u>Lack of Foundation</u>. FRE 602; *Daubert (II) v. Merrell Dow Pharmaceuticals, Inc.* 43 F.3d 1311, 1316 (9th Cir. 1995). | This is a permissible exhibit to an expert report. Fed. R. Civ. P. 26(a)(2)(B)(iii). Plaintiff's expert has the foundation to testify about his own report's exhibits. |
| 17 | WF's Answer to Complaint | <u>Relevance</u>. FRE 401-3. | Defendant's Answer is relevant to Plaintiff's claims of liability. |
| 18 | WF's Responses to P.'s Interrogatories | <u>Relevance</u>. FRE 401-3. | Defendant's responses are relevant to Plaintiff's claims of |

|   |   |   | liability. |
|---|---|---|---|

Defendant's Exhibits

| Number | Description | Objection | Response to Objection |
|---|---|---|---|
| 4 | Automated Consumer Dispute Verification, dated August 11, 2009 | None. |   |
| 5 | Automated Consumer Dispute Verification, dated August 20, 2009 | None. |   |
| 7 | Automated Universal Data form, dated August 20, 2009 | None. |   |
| 19 | Complaint | Relevance, FRE 401-03. Lack of foundation, FRE 602. Calls for improper expert testimony, FRE 702. | Judicial and/or evidentiary admission. FRE 801(d). |
| 20 | Complaint of *Randall Ferguson vs. Trans Union, LLC*, Case Number 10-2211 | Relevance, FRE 401-03. Lack of foundation, FRE 602. Calls for improper expert testimony, FRE 702. | Judicial and/or evidentiary admission. FRE 801(d); *Grolsche Bierbrouwerij Nederland B.V. v. Dovebid, Inc.*, 2011 WL 3359913 (N.D.Cal. 2011) |
| 21 | Settlement Agreement | Relevance, FRE 401- | Judicial and/or |

| | | | |
|---|---|---|---|
| | | and Release between Randall Ferguson and Trans Union, LLC | 03. | evidentiary admission. FRE 801(d). Offset and/or Plaintiff has been fully compensated for identical damages sought here. |
| | 22 | Consumer Reporting Resource Guides, versions 2009 and 2011 | None. | |
| | 23 | Promissory Note signed by Plaintiff and Leila Shipman | None. | |
| | 24 | Wells Fargo's monthly "440 Reports" to the Credit Reporting Agencies (WFB000447 to WFB000560) | None. | |
| | 25 | Wells Fargo's business records reflecting internal investigation notes of Wells Fargo employee, Eddie Duran, dated August 20, 2009 | None. | |
| | 26 | Letter from Wells | None. | |

| | | | |
|---|---|---|---|
| | Fargo to Plaintiff, dated August 20, 2009 | | |
| 27 | Expert witness report and Current Curriculum Vitae of John Ulzheimer | Hearsay, FRE 802. Failure to produce expert for deposition, Fed. R. Civ. P. 16(f) & 26(a)(2) & (a)(3). | Plaintiff did not notice Ulzheimer's deposition. Expert disclosure was same date as discovery cutoff – neither expert was deposed. |
| 28 | Portions of Deposition Transcript of TransUnion Employee Steven L. Newnom from prior TransUnion litigation | *See* Objections to page and line designations. | No Objection has been served. |
| 29 | Bankruptcy Records of Leila Shipman | Relevance, FRE 401-03. | FRE 401. Shipman's bankruptcy records are relevant to demonstrate that she neither filed a Chapter 7 bankruptcy nor was her Chapter 13 bankruptcy converted to a Chapter 7. TransUnion only reported a Chapter 7 bankruptcy and Wells Fargo only furnished |

| | | | |
|---|---|---|---|
| | | | information as to Shipman's Chapter 13 bankruptcy. Shipman's bankruptcy records are relevant to corroborate Wells Fargo's position that it did not furnish to TransUnion that Plaintiff was associated with a Chapter 7 bankruptcy. |
| 30 | Records produced by TransUnion in *Ferguson v. TransUnion* | Relevance, FRE 401-03. Lack of foundation, FRE 602. Hearsay, FRE 802. | FRE 401. Relevant to corroborate Wells Fargo's position that Wells Fargo never reported Plaintiff as associated with a Chapter 7 bankruptcy. |
| 31 | Records produced by Experian pursuant to subpoena issued on October 18, 2011 | Relevance, FRE 401-03. Lack of foundation, FRE 602. Hearsay, FRE 802. | FRE 401. Experian never reported Plaintiff as associated with a Chapter 7 or any bankruptcy. The fact that Experian never reported Plaintiff as associated with a Chapter 7 |

| | | | |
|---|---|---|---|
| | | | bankruptcy is relevant to corroborate Wells Fargo's position that it never furnished information to TransUnion that Plaintiff was associated with a Chapter 7 bankruptcy; i.e. the Chapter 7 report was solely TransUnion's fault. |

DATED: December 23, 2011

FRANCIS & MAILMAN, P.C.
A Professional Corporation


By: /s/ *Geoffrey Baskerville*
    JOHN SOUMILAS*
    GEOFFREY BASKERVILLE

Attorneys for Plaintiff
RANDALL FERGUSON


DATED: December 23, 2011

SEVERSON & WERSON
A Professional Corporation


By: /s/ *Scott J. Hyman*
    SCOTT J. HYMAN
    PAUL A. GRAMMATICO

Attorneys for Defendant
WELLS FARGO BANK, N.A

*Pro hac Vice* application pending.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612-6578.

On the date below I served the within document(s) described as: **PRE-TRIAL EXHIBIT STIPULATION** on the interested parties in this action:

| | |
|---|---|
| William J. Wall, Esq.<br>THE WALL LAW OFFICE<br>9900 Research Drive<br>Irvine CA 92618-4309 | Counsel for Plaintiff<br>RANDALL FERGUSON<br><br>Telephone: 949.387.4300<br>Fax:           800.722.8196<br>wwall@wall-law.com |
| Geoffrey H. Baskerville<br>FRANCIS & MAILMAN PC<br>Land Title Building<br>100 South Broad Street 19th Floor<br>Philadelphia, PA 19110-1023 | Counsel for Plaintiff<br>RANDALL FERGUSON<br><br>Telephone: 215.735.8600<br>Fax:           215.940.8000<br>gbaskerville@consumerlawfirm.com |

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2011, at Irvine, California.

*Josie Heasley*