1  William J. Wall (SBN 203970)
   wwall@wall-law.com
2  THE WALL LAW OFFICE
   9900 Research Drive
3  Irvine, CA  92618
   Telephone:   (949) 387-4300
4  Facsimile:   (800) 722-8196

5  Geoffrey H. Baskerville (*pro hac vice*)
   gbaskerville@consumerlawfirm.com
6  FRANCIS & MAILMAN, P.C.
   Land Title Building, 19ᵗʰ Floor
7  100 South Broad Street
   Philadelphia, PA 19110
8  Telephone:   (215) 735-8600
   Facsimile:   (215) 940-8000
9
   Attorneys for Plaintiff
10 RANDALL FERGUSON

   Scott J. Hyman (SBN 148709)
   sjh@severson.com
   Paul A. Grammatico (SBN 246380)
   pag@severson.com
   SEVERSON & WERSON, P.C.
   The Atrium
   19100 Von Karman Ave., Suite 700
   Irvine, CA 92612-6578
   Telephone:   (949) 442-7110
   Facsimile:   (949) 442-7118

   Donald J. Querio (SBN 54367)
   djq@severson.com
   Mark D. Lonergan (SBN 143622)
   mdl@severson.com
   SEVERSON & WERSON, P.C.
   One Embarcadero Center, Suite 2600
   San Francisco, CA  94111-3715
   Telephone:   (415) 398-3344
   Facsimile:   (415) 956-0439

   Attorneys for Defendant
   WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| RANDALL FERGUSON, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No.:  2:11-CV-02043 PA (SHx) <br> Hon. Percy Anderson <br> Ctrm. 15 - Spring Street <br><br> **THE PARTIES' DISPUTED PROPOSED JURY INSTRUCTIONS** <br><br><br> Complaint Filed:  March 9, 2011 <br> Discovery Cut-Off:  November 28, 2011 <br> Motion Cut-Off:  December 19, 2011 <br> Pretrial Conf.:  January 6, 2012 <br> TRIAL DATE:  February 7, 2012 |

# TABLE OF CONTENTS

**PAGE**

PLAINTIFF'S INSTRUCTION NO. 1 (SUMMARY OF CLAIMS)...................... 1

PLAINTIFF'S INSTRUCTION NO. 2 (FCRA'S GENERAL PURPOSE) ........... 2

PLAINTIFF'S INSTRUCTION NO. 3 (DEFINITIONS) ................................. 3

PLAINTIFF'S INSTRUCTION NO. 4 (15 U.S.C. § 1681s-2(b)) .......................... 4

PLAINTIFF'S INSTRUCTION NO. 5 (NEGLIGENCE STANDARD)................ 5

PLAINTIFF'S INSTRUCTION NO. 6 (CAUSATION)........................................ 6

PLAINTIFF'S INSTRUCTION NO. 7
    (FCRA ACTUAL DAMAGES RECOVERABLE)........................................ 7

PLAINTIFF'S INSTRUCTION NO. 8
    (PROOF OF CREDIT DENIAL NOT NECESSARY)................................ 9

PLAINTIFF'S INSTRUCTION NO. 9 (MEDICAL TESTIMONY NOT
    NECESSARY FOR EMOTIONAL DISTRESS) ...................................... 10

PLAINTIFF'S INSTRUCTION NO. 10 (NO SET-OFF OR CONTRIBUTION)  11

PLAINTIFF'S INSTRUCTION NO. 11 (BURDEN OF PROOF) ...................... 12

PLAINTIFF'S INSTRUCTION NO. 12
    (WILLFULNESS/PUNITIVE DAMAGES)............................................... 13

PLAINTIFF'S INSTRUCTION NO. 13
    (FACTORS FOR AWARDING PUNITIVE DAMAGES) ......................... 14

Defendant's Proposed Jury Instruction No. __
    Ninth Circuit Model Instruction 1.2
    CLAIMS AND DEFENSES ................................................................. 15

Defendant's Proposed Jury Instruction No. __
    Ninth Circuit Model Instruction 1.4
    BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ....... 16

Defendant's Proposed Jury Instruction No. __
    CACI 430
    Causation – Substantial Factor ....................................................... 17

Defendant's Proposed Jury Instruction No. __
    CACI 406
    Apportionment of Responsibility ..................................................... 18

Defendant's Proposed Jury Instruction No. __
    Special Instruction No. 1
    FCRA Instruction.............................................................................. 19

Defendant's Proposed Jury Instruction No. ___
        Special Instruction No. 2
        FCRA Instruction.............................................................. 20

Defendant's Proposed Jury Instruction No. ___
        Special Instruction No. 3
        FCRA Reasonableness Instruction .................................. 21

Defendant's Proposed Jury Instruction No. ___
        Special Instruction No. 4
        FCRA "Dispute" Instruction............................................ 22

Defendant's Proposed Jury Instruction No. ___
        Special Instruction No. 5
        FCRA Emotional Distress Instruction ............................. 23

Defendant's Proposed Jury Instruction No. ___
        Special Instruction No. 4
        Willfulness under FCRA ................................................. 24

## PLAINTIFF'S INSTRUCTION NO. 1 (SUMMARY OF CLAIMS)

This case is brought under the Fair Credit Reporting Act or "FCRA." When a furnisher of credit information, such as Wells Fargo, receives a consumer dispute from one of the credit reporting agencies concerning the accuracy or completeness of any account reported by the furnisher, the FCRA requires the furnisher to conduct a reasonable investigation into that consumer dispute and to delete or otherwise correct any inaccurate or incomplete information within 30 days of the dispute. Here, the Plaintiff Randall Ferguson claims that Wells Fargo did not conduct a reasonable investigation into his disputes and failed to take the steps necessary to delete inaccurate information from his Trans Union credit report. Plaintiff claims that the information on his report was inaccurate because it contained a reference to a "bankruptcy" that was most likely filed by his co-borrower on a Wells Fargo account. Mr. Ferguson has never filed for bankruptcy. Further, Mr. Ferguson claims that Wells Fargo failed to properly mark the account as disputed, in violation of the FCRA.

Wells Fargo denies that it violated the FCRA.

*See* 15 U.S.C. § 1681s-2(b).

1 | **PLAINTIFF'S INSTRUCTION NO. 2 (FCRA'S GENERAL PURPOSE)**

2

3 |     The FCRA is a federal law intended to regulate the handling of consumers'

4 | personal and financial information with regard to confidentiality, accuracy, and the

5 | proper use of such information.

6

7 | *See* 15 U.S.C. § 1681(b).

## PLAINTIFF'S INSTRUCTION NO. 3 (DEFINITIONS)

Plaintiff Randall Ferguson is a "consumer" entitled to the protection and benefit of the FCRA. Defendant Wells Fargo Bank, N.A. is a "furnisher" of credit information and is regulated by the FCRA.

*See* Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, § 92.03; 15 U.S.C. § 1681a (definitions).

**PLAINTIFF'S INSTRUCTION NO. 4 (15 U.S.C. § 1681s-2(b))**

The FCRA requires that , upon receiveing a notice from a credit reporting agency that a consumer disputes information in his credit report, a furnisher of credit information, such as Wells Fargo, must do the following things:

1. Conduct a reasonable investigation with respect to the disputed information;

2. Review all relevant information provided by the credit report agency;

3. Report the results of the investigation to the credit reporting agency;

4. If the investigation finds that the information is incomplete or inaccurate, report those results to all other credit reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a national basis; and

5. If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified –

i. Modify that item of information;

ii. Delete that item of information; or

iii. Permanently block the reporting of that item of information.

Further, if a furnisher, such as Wells Fargo, elects not to delete or permanently block a disputed item, it is nevertheless required to mark the item as "disputed" by the consumer so that businesses review the consumer's report in the future would know that the item is under dispute.

*See* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161-62 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co.,* 526 F.3d 142, 147-50 (4th Cir. 2008). (9th Cir. 2009).

## PLAINTIFF'S INSTRUCTION NO. 5 (NEGLIGENCE STANDARD)

Now, if you find that Wells Fargo was "negligent" in fulfilling any of its duties under the FCRA as I just described them to you, then you must find that Wells Fargo is liable in this case, and you must then consider what damages, if any, Mr. Ferguson may recover. I will instruct you on the law of FCRA damages shortly. If, on the other hand, you find that Mr. Ferguson did not establish that Wells Fargo's conduct was negligent, you must find for Wells Fargo.

The word "negligence" as used in these instructions means the failure to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that you find existed in this case. In other words, the standard of conduct by which you must judge the accuracy of Wells Fargo's procedures and investigation activities in this case is what a reasonably prudent person would do under these circumstances. You may find that careless or imprudent conduct is negligent. Also, you may find that the failure to affirmatively take action that a reasonable person would have taken under the circumstances is negligent.

*See* Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, § 92.05; 15 U.S.C. § 1681o; *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

1

## PLAINTIFF'S INSTRUCTION NO. 6 (CAUSATION)

2

3     For actions brought under the FCRA, harm or damage is considered caused
4  by an act, or a failure to act, whenever you can infer from the evidence that the act
5  or omission was a substantial part or factor in bringing about or actually causing the
6  harm or damage.

7     It is not necessary that the act was the sole or primary cause of the harm.

8

9  *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 966 (3d Cir. 1996); Devitt,
10  Blackmar and Wolff, *Federal Jury Practice and Instructions*, §§ 80.18 and 92.06.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S INSTRUCTION NO. 7
## (FCRA ACTUAL DAMAGES RECOVERABLE)

If you find that Wells Fargo violated any legal duty under the FCRA as I have described these duties to you, and that Wells Fargo's actions or omissions were a substantial factor in causing harm to Mr. Ferguson, then you must determine the amount of money that reasonably, fairly, and completely compensates him for the damages which you decide resulted from Wells Fargo's failure to comply with the statute.

Under the FCRA, a plaintiff may recover "actual damages," which has a special meaning. "Actual damages" are meant to fairly compensate an aggrieved person, and can consist of one or more of the following:

1. **Loss of Credit Opportunity.** This type of actual damages consists of lost loans or other credit opportunities, regardless of whether these missed credit opportunities resulted in out-of-pocket or monetary losses for the plaintiff. This type of damages focuses upon a plaintiff's inability to use his or her credit or to obtain new credit. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719-20 (3d Cir. 2010); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962-63 (3d Cir. 1996); *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 2005 WL 2009272, at *7 (6th Cir. Aug. 22, 2005).

2. **Harm to Reputation.** This type of actual damages consists of harm to the plaintiff's credit rating, credit reputation and/or good name. *Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir. 2001); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Millstone v. O'Hanlon Reports, Inc.*, 529 F.2d 829, 834-35 (8th Cir. 1976).

3. **Emotional Distress.** This type of actual damages consists of any humiliation, embarrassment, mental anguish and/or stress-related suffering

experienced by the plaintiff as a result of the defendant's failure to comply with the FCRA.  In awarding such damages you may take into consideration the plaintiff's time spent trying to resolve the credit reporting problems. *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719-20 (3d Cir. 2010); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225-27 (3d Cir. 1997) (actual damages may be emotional in nature); *Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir. 2001) (citations and footnotes omitted).

# PLAINTIFF'S INSTRUCTION NO. 8
## (PROOF OF CREDIT DENIAL NOT NECESSARY)

The outright denial of credit is not necessary in order for you to award actual damages under the FCRA.

*See Guimond v. Trans Union Credit Corp.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010); *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 360 (6th Cir. 2005).

## PLAINTIFF'S INSTRUCTION NO. 9 (MEDICAL TESTIMONY NOT NECESSARY FOR EMOTIONAL DISTRESS)

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, and emotional distress.  You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In an FCRA case, a person may recover for humiliation, embarrassment, and emotional distress based upon his or her own subjective testimony about his or her feelings.  He or she does not have to introduce expert, medical or other testimony.

*See Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010).

**PLAINTIFF'S INSTRUCTION NO. 10 (NO SET-OFF OR CONTRIBUTION)**

There can be no other liable party in this civil action, if you find that Wells Fargo failed to comply with any of its duties under the FCRA as I described them to you.

Also, you may not assume that any other person or business, about whom you may have heard testimony, has to compensate Mr. Ferguson in this civil action for any harm that you found was substantially caused by Wells Fargo's conduct.

*See Texas Instruments, Inc. v. Radcliff Material, Inc.*, 451 U.S. 630, 638 (1981) (no set-off or contribution under federal statutes unless statute itself or federal common law so provides); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981); Fed. R. Civ. P. 408. *See also Sloane v. Equifax Information Services, LLC*, 510 F.3d 495, 500-01 (4th Cir. 2007); *McMillan v. Equifax Credit Info. Servs., Inc.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001); *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); *Conner v. Howe*, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); *Kerr v. Wanderor & Wanderor*, 211 F.R.D. 625, 632 (D. Nev. 2002); *Kay v. First Continental Trading, Inc.*, 966 F. Supp. 753, 754-55 (N.D. Ill. 1997); *Betts v. Equifax Credit Info. Servs.*, 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); *Agosta v. Inovision, Inc.*, Civ. No. 02-806 (E.D. Pa. June 12, 2003).

## PLAINTIFF'S INSTRUCTION NO. 11 (BURDEN OF PROOF)

As in most civil cases, Mr. Ferguson has the burden of proving his case by a preponderance of the evidence. A "preponderance" is the greater weight of the evidence.

Specifically, a preponderance of the evidence means that Mr. Ferguson has to prove to you, in light of all the evidence, that at least one of his claims is more likely so than not so.

To say it differently: if you were to put the evidence favorable to Mr. Ferguson and the evidence favorable to Wells Fargo on opposite sides of the scales, Mr. Ferguson would have to make the scales tip somewhat on his side. If he fails to meet this burden, the verdict must be for Wells Fargo. If you find after considering all the evidence that a claim or fact is more likely so than not so, then that claim or fact has been proved by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

*See* Ninth Circuit Model Instruction 1.3.

1

2

3

## PLAINTIFF'S INSTRUCTION NO. 12
## (WILLFULNESS/PUNITIVE DAMAGES)

4

5

6

7

 In addition to actual damages, Mr. Ferguson is claiming punitive damages in this case.  Punitive damages may be awarded if you find that Wells Fargo willfully violated the FCRA.  Mr. Ferguson has the burden of proving punitive damages by a preponderance of the evidence.

8

9

10

11

 A furnisher of credit information such as Wells Fargo acts willfully in violation of the FCRA by acting with "reckless disregard" of any consumer right set forth in the FCRA.  Reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known.

12

13

14

15

16

 Note that reckless disregard need not be knowing, intentional, premeditated or malicious violation of the law.  Mr. Ferguson does not need to show that Wells Fargo deliberately violated the law, only that it acted with reckless disregard for his consumer rights.

17

18

19

*See Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148-50 (4th Cir. 2008); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721-23 (3d Cir. 2010).

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S INSTRUCTION NO. 13
## (FACTORS FOR AWARDING PUNITIVE DAMAGES)

The purposes of punitive damages are to make an example out of Wells Fargo, to punish its misconduct, and to deter similar misconduct by Wells Fargo or others in the future. Some of the factors you may consider in assessing punitive damages include:

1. The purposes of the FCRA; and
2. The Defendant's wealth.

*See generally Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148-50 (4th Cir. 2008); *Cortez v. Trans Union, LLC*, 617 F. 3d 688, 718 & n.37 (3d Cir. 2010); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694, 702-04 (D.W. Va. (1990).

1
2
3
4

### Defendant's Proposed Jury Instruction No. __
### Ninth Circuit Model Instruction 1.2
### CLAIMS AND DEFENSES

5      To help you follow the evidence, I will give you a brief summary of the

6 positions of the parties:

7      The Plaintiff RANDALL FERGUSON sues defendant WELLS FARGO

8 BANK, N.A. for 1 cause of action related to Plaintiff's claim that WELLS FARGO

9 BANK, N.A. violated the Fair Credit Reporting Act for allegedly reporting

10 derogatory and inaccurate information related to Plaintiff's credit history.  Plaintiff

11 claims that he was damaged by the derogatory and inaccurate reporting.  The

12 Plaintiff has the burden of proving these claims.

13      The defendant denies those claims and also contends that it accurately

14 reported Plaintiff's credit history.  Defendant also contends that when Plaintiff

15 notified defendant of the inaccurate information, defendant properly investigated

16 Plaintiff's claims, confirmed that it had accurately reported Plaintiff's credit

17 history, and discovered that the inaccurate information was the fault of the credit

18 reporting agency. Defendant further contends that Plaintiff sued the credit reporting

19 agency for these same claims in a separate action, received a settlement from the

20 credit reporting agency, and has been fully compensated.  The defendant has the

21 burden of proof on these affirmative defenses.

22      The Plaintiff denies Defendant's affirmative defenses.

23
24
25
26
27
28

1
2
3
4

**<u>Defendant's Proposed Jury Instruction No. __</u>**

**<u>Ninth Circuit Model Instruction 1.4</u>**

**<u>BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE</u>**

5      When a party has the burden of proving any claim or defense by clear and

6 convincing evidence, it means you must be persuaded by the evidence that the

7 claim or defense is highly probable. This is a higher standard of proof than proof by

8 a preponderance of the evidence.

9      You should base your decision on all of the evidence, regardless of which

10 party presented it.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **<u>Defendant's Proposed Jury Instruction No.</u>**

2    **<u>CACI 430</u>**

3    **<u>Causation – Substantial Factor</u>**

4

5    A substantial factor in causing harm is a factor that a reasonable person

6    would consider to have contributed to the harm.  It must be more than a remote or

7    trivial factor.  It does not have to be the only cause of the harm.

8    Conduct is not a substantial factor in causing harm if the same harm would

9    have occurred without that conduct.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendant's Proposed Jury Instruction No.** _____

**CACI 406**

**Apportionment of Responsibility**

Defendant, Wells Fargo Bank, N.A., claims that the fault of TransUnion was a substantial factor in causing Plaintiff's harm.  To succeed on this claim, Wells Fargo must prove both the following:

1.  That TransUnion was at fault; and

2.  That the fault of TransUnion was a substantial factor in causing Plaintiff's harm.

## Defendant's Proposed Jury Instruction No. ___

## Special Instruction No. 1

## FCRA Instruction

Plaintiff seeks to recover against Wells Fargo for violation of the Fair Credit Reporting Act.

To establish this claim, the Plaintiff must prove:

1.   That Wells Fargo furnished inaccurate information to a consumer reporting agency;

2.   That Plaintiff sent a dispute to a consumer reporting agency regarding information Wells Fargo reported to the consumer reporting agency;

3.   That a consumer reporting agency contacted Wells Fargo regarding the dispute;

4.   That Wells Fargo failed to conduct a reasonable investigation with respect to the disputed information; and

5.   That Plaintiff suffered actual damages as a result of Wells Fargo's failure to conduct a reasonable investigation.

15 U.S.C. § 1681s-2(b); *Westra v. Credit Control of Pinellas*, 409 F.3d 825 (7th Cir. 2005).

1

**Defendant's Proposed Jury Instruction No.**

2

**Special Instruction No. 2**

3

**FCRA Instruction**

4

5      To establish a claim under FCRA, Plaintiff must establish that Wells Fargo,

6  prior to undertaking any investigation of a dispute, furnished inaccurate information

7  to a consumer reporting agency as to Plaintiff's account.

8

9  15 U.S.C. § 1681s-2(b)(1)(E); *Chiang v. Verizon New England, Inc.* 595 F.3d 26,

10  37 (1st Cir. 2010).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Defendant's Proposed Jury Instruction No. _____

## Special Instruction No. 3

## FCRA Reasonableness Instruction

Plaintiff cannot prevail on his FCRA claim merely by proving that Wells Fargo furnished inaccurate information about him to a consumer reporting agency. To prevail, Plaintiff must show that Wells Fargo conducted an unreasonable investigation of Plaintiff's dispute, based upon the information that was provided to it by a consumer reporting agency.

*Westra v. Credit Control of Pinellas*, 409 F.3d 825 (7th Cir. 2005).

**Defendant's Proposed Jury Instruction No.**

**Special Instruction No. 4**

**FCRA "Dispute" Instruction**

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.   A furnisher cannot be held liable simply for failing to report that a debt is disputed.  Rather, a furnisher may only be liable if the omission is misleading in such a way and to such an extent that it can be expected to have an adverse effect.  To prevail on his claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   At Plaintiff disputed the completeness or accuracy of information furnished by Wells Fargo to a consumer reporting agency;

2.   That Wells Fargo investigated the dispute and did not resolve the dispute in Plaintiff's favor;

3.   That Wells Fargo subsequently furnished information to a consumer reporting agency without a notice to the consumer reporting agency that the information Wells Fargo was furnishing was also disputed by the consumer.

4.   A furnisher cannot be held liable simply for failing to report that a debt is disputed.  Rather, Plaintiff must prove that Wells Fargo's omission was misleading in such a way and to such an extent that it can be expected to have an adverse effect.

5.   Plaintiff suffered actual compensable damages as a result of Wells Fargo's alleged failure to report that information Wells Fargo was furnishing was also disputed by the consumer.

1    15 U.S.C. § 1681s-2(a)(3); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d

2  1147, 1163 (9th Cir. 2009)' *see also Guimond v. TransUniion Credit Info. Co.*, 45

3  F.3d 1329 (9th Cir.2009).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Defendant's Proposed Jury Instruction No. _____

### Special Instruction No. 5

### FCRA Emotional Distress Instruction

Emotional distress damages may be proven in a number of ways, including though corroborating medical evidence or non-expert testimony establishing manifestations of mental anguish and the occurrence of significant emotional harm. Emotional distress can also be readily apparent without corroborative evidence, where a plaintiff was a victim of egregious conduct or where the circumstances make it obvious that a reasonable person would suffer significant emotional harm."

*Fausto v. Credigy Services Corp.,* 598 F.Supp.2d 1049, 1150 (N.D.Cal. 2009).

1
2
3
4

**Defendant's Proposed Jury Instruction No.** ____

**Special Instruction No. 6**

**Willfulness under FCRA**

5       In order to establish that Wells Fargo willfully violated FCRA, Plaintiff must
6   establish by clear and convincing evidence that Wells Fargo knowingly and
7   intentionally committed an act in conscious disregard for the rights of others.

8

9   *Stephenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *Pinner v. Schmidt*, 805
10   F.2d 1258, 1263 (5th Cir. 1983).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    DATED:  December 23, 2011    FRANCIS & MAILMAN, P.C.

2                                                    A Professional Corporation

3

4                                                    By: /s/ *Geoffrey Baskerville*
                                                       JOHN SOUMILAS*
5                                                    GEOFFREY BASKERVILLE

6                                                    Attorneys for Plaintiff
                                                     RANDALL FERGUSON
7

8    DATED:  December 23, 2011           SEVERSON & WERSON
                                                     A Professional Corporation
9

10

11                                                  By: /s/ *Scott J. Hyman*
                                                       SCOTT J. HYMAN
12                                                  PAUL A. GRAMMATICO

13                                                  Attorneys for Defendant
                                                     WELLS FARGO BANK, N.A
14   *Pro hac Vice* application pending.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

07685/0940/2065235.1                        -26-                    Parties' Disputed Proposed Jury Instructions
                                                                     Case No. 2:11-CV-02043 PA (SHx)

1

# CERTIFICATE OF SERVICE

2

3

I, the undersigned, declare that I am over the age of 18 and am not a party to
this action. I am employed in the City of Irvine, California. My business address is
Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California
92612-6578.

4

5

On the date below I served the within document(s) described as: **THE
PARTIES' DISPUTED PROPOSED JURY INSTRUCTIONS** on the interested
parties in this action:

6

7

8

William J. Wall, Esq.           Counsel for Plaintiff
THE WALL LAW OFFICE             RANDALL FERGUSON
9900 Research Drive
Irvine CA 92618-4309            Telephone: 949.387.4300
                               Fax:        800.722.8196
                               *wwall@wall-law.com*

9

10

11

Geoffrey H. Baskerville         Counsel for Plaintiff
FRANCIS & MAILMAN PC            RANDALL FERGUSON
Land Title Building
100 South Broad Street 19th Floor   Telephone: 215.735.8600
Philadelphia, PA 19110-1023     Fax:        215.940.8000
                               *gbaskerville@consumerlawfirm.com*

12

13

14

15

☒   **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration
as a CM/ECF user constitutes consent to electronic service through the
Court's transmission facilities. The Court's CM/ECF system sends an e-mail
notification of the filing to the parties and counsel of record listed above who
are registered with the Court's EC/ECF system.

16

17

18

19

☒   **FEDERAL** - I declare that I am employed in the office of a member of the
bar of this Court at whose direction the service was made.

20

Executed on December 23, 2011, at Irvine, California.

21

22

23                                      Josie Heasley

24

25

26

27

28

07685/0940/2065235.1                              CERTIFICATE OF SERVICE